■ OPINION ON MOTION
BERANEK, Judge.
This is an appeal in a civil case from an order granting a new trial. We are *927 presented with a motion to require that appellants provide appellee with a copy of the transcript of the testimony to be included in the record on appeal.
Notice of appeal was filed December 20, 1978, and the appeal is governed by the 1977 Revision of the Florida Rules of Appellate Procedure effective March 1, 1978. This general revision supersedes the “Florida Appellate Rules, 1962 Revision,” and substantially changes appellate procedure. The question here is whether the 1977 Revision changed the practice regarding service of copies of the transcript of testimony.
Under the 1962 Appellate Rules, the original record-on-appeal was to consist of the record and the transcript of testimony prepared and certified by the court reporter. See Florida Appellate Rule 3.6 a, e,- and f. There was no question as to the appellee’s entitlement to a copy of the transcript because Appellate Rule 3.6 i(3) specifically provided:
“Service of Copy of Reporter’s Transcribed Notes. If the same are not being included in a transcript of the record, or a copy of the same is not already possessed by appellee, the appellant shall serve ap-pellee with a copy of such portions of the reporter’s transcribed notes as are to be included in the record-on-appeal, . .”
The transcript was prepared pursuant to Rule 3.6 e which provided that, the reporter shall transcribe ... a copy of the parts of the proceedings that have been designated by the parties and shall furnish to appellant at his expense such copies as he shall order.”
Thus, under 3.6 e of the 1962 Rules, both appellant and appellee could designate parts of the transcript but appellant had the duty to initially pay for and furnish a copy for appellee’s use.
The 1977 Revision made substantial changes in appellate practice particularly regarding preparation and content of the record-on-appeal. Fla.R.App.P. 9.200 provides that the record will consist of the original documents, exhibits and the transcript of proceedings. The transcript is prepared pursuant to Rule 9.200(b), which states in relevant part as follows:
“(b) Transcript of Proceedings.
“(1) Within 10 days of filing the notice, the appellant shall designate those portions of the transcript of proceedings not on file deemed necessary for inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the court reporter. Costs of transcription shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400.
“(2) Within 30 days of service of a designation, the court reporter shall transcribe and deliver to the clerk of the lower tribunal the designated proceedings and shall furnish to the parties such copies as they order. . . . ”
Under this subsection both appellant and appellee may designate portions of the proceedings for transcription but unlike prior Rule 3.6 e, costs of transcription are to be borne initially by the designating party subject to later taxation as costs. The court reporter is required by Fla.R.App.P. 9.200(b)(2) to transcribe the designated proceedings and to deliver the transcription to the clerk of the lower court for filing and incorporation in the record. The reporter is also required to “furnish to the parties such copies as they order.” Rule 9.200 is less than completely clear regarding designating, paying for and ordering copies of the transcript.[1]
The 1977 Revision contains no specific reference to service by appellant of a copy of the transcript as was previously required under Florida Appellate Rule 3.6 i(3). Appellant thus argues the deletion of the former rule changes the procedure and that an appellee is now pursuant to Rule 9.200(b)(2) *928 required to order and pay for his own copy of the transcript if he wants one.
We reject this argument for the following reasons. It appears from the committee notes that such a result was not contemplated by the drafters of the 1977 Revision. Rule 9.420(b) and the committee notes applicable to it provide:
“Rule 9.420. Filing; Service of Copies; Computation of Time.
« * * *
“(b) Service. All original papers shall be filed either before service or immediately thereafter. A copy of all documents filed pursuant to these rules shall, before filing or immediately thereafter, be served on each of the parties. In the event the parties are so numerous that this requirement is onerous, the court on motion may limit the number of copies to be served.” # * * * * *
“Committee Notes.

“Section (b) replaces and simplifies former Rules 3.4(b)(5) and 3.6(i)(3). .
Rule 3.6 i(3) previously required service of all copies of the entire transcript on appellant who in turn was required to serve copies on appellee. According to the committee note, this rule has been replaced and simplified under the 1977 Revision by Rule 9.420(b). Instead of the two-step process under the old rule direct delivery by the reporter is substituted but appellant retains the overall burden of providing appellee .with a .opy of the transcript. Since the transcript must be filed, a copy must also be served on appellee pursuant to Rule 9.420(b).
The deletion of the transcript copy requirement is further unsupported by the 1977 Rule Revision because we doubt such a major change in a long-established and generally accepted pattern would be accomplished by mere silence. We are, however, troubled and somewhat confused by the apparent inconsistencies in Rule 9.200(b). In one sentence we find the definitive statement that “[c]osts of transcription shall be borne initially by the designating party.” In the next sentence the reporter is given the duty of transcribing the “designated proceedings” and furnishing to the “parties such copies as they order.”
Several problems appear. Does “costs of transcription” mean the cost of the original transcript alone; the original and one copy for appellant’s sole use or the original plus sufficient copies for all appellees? When a party “orders” a copy does he have to pay for it if he did not designate it? Old Rule 3.6 e made payment dependent upon “ordering” the transcript. The new rule appears to make payment dependent upon “designating” it. When in point of time must appellee “order” his copy of the transcript? The court reporter receives a designation and within 30 days must file the original transcript and deliver the copies ordered. If the designation is not also an order, then the reporter must hold it awaiting an order from appellant and a separate order from appellee. If both parties designate portions of proceedings for transcription then the reporter will receive designations and orders for copies from each party plus a further order for a copy by appellant. The confusion possible in multiple party cross appeals is significant.
The committee note on Rule 9.200(b) introduces yet another word to the list of undefined. This note states in part:
“. . . The rule also establishes the responsibility of the designating party to initially bear the cost of the transcript. “Subsection (b)(2) replaces former Rule 3.6(e). This rule provides for the form of the transcript, and imposes on the reporter the affirmative duty of delivering copies of the transcript to the ordering parties upon request. Such a request may be included in the designation. . . .”
In attempting to reconcile all of the above, we conclude that “transcription” as used in Rule 9.200(b)(1) means not only the original transcript but also includes sufficient copies for appellant and appellee. We believe the word “order” in Rule 9.200(b)(2) to be merely generally descriptive rather than the creation of some new form of practice. We *929 thus hold the designating party has the duty of securing a copy of the transcript for use by the nondesignating party. This transcript copy shall be initially at the expense of the designating party.
We, therefore, grant the motion of appel-lee to require appellant to furnish a copy of the transcript. We find that this decision passes upon a question of great public interest and is certified as such within the meaning 'of Rule of Appellate Procedure 9.030(2)(A)(ii). The following question is certified:
UNDER THE 1977 REVISION OF THE FLORIDA RULES OF APPELLATE PROCEDURE RULE 9.200(b)(1), DOES THE “DESIGNATING PARTY” IN A CIVIL APPEAL HAVE THE DUTY TO FURNISH ALL OPPOSING PARTIES TO THE APPEAL WITH A COPY OF THE PORTION OF THE TRANSCRIPT TO BE INCLUDED IN THE RECORD ON APPEAL AT THE INITIAL EXPENSE OF THE DESIGNATING PARTY?
DOWNEY, C. J., and LETTS, J., concur.

. See Rodgers v. State Board of Medical Examiners, 364 So.2d 1239 (Fla. 1st DCA 1978) where the First District commented upon the ambiguity of the transcript portions of Rule 9.200 Fla.R.App.P.