ON MOTION FOR REVIEW OF FINAL COST JUDGMENT
PER CURIAM.
Appellees, Walt Disney World Co. and Insurance Company of North America, pursuant to Fla.R.App.P. 9.400(c), seek review of a cost judgment against them in the sum of $7,490.82, and argue that the trial court erred in awarding appellants the costs of a copy of the transcript for use by appellants and a copy for use by appellees Rouse, Brake & Wheel, Inc., Merlin, Inc., and Hartford Accident and Indemnity Co. Appellants concede that the trial court erred in awarding the cost of the latter copy[1] but contend the cost of the appellant’s copy was properly assessed. We agree.
At the time we decided Akers v. Palm Beach Newspaper, Inc., 373 So.2d 926, 929 (Fla. 4th DCA 1979) Fla.R.App.P. 9.200(b)(1) provided in part:
Costs of transcription shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400.
We said as to the above sentence:
[W]e conclude that ‘transcription’ as used in Rule 9.200(b)(1) means not only the original transcript but also includes sufficient copies for appellant and appellee.
As of January 1, 1981, the above quoted portion of Rule 9.200(b)(1) was amended to read:
Costs of the original and all copies of the transcript of proceedings shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by Rule 9.400.
While we believe it appropriate to apply the rule as it existed when the notice of appeal was filed, the result would be the same under either version of the rule. The designating party is entitled to order a copy of the transcript for his use on appeal; and if he prevails, he is entitled to have his copy assessed as a cost against his opponent.
Accordingly, as to the sum of $1,388.25, being the cost of the copy of the transcript furnished by appellants to appel-lees, Rouse Brake & Wheel, Inc., Merlin, Inc. and Hartford Accident and Indemnity Co., we grant the motion for review and vacate that portion of the cost judgment. The balance of the motion is denied.
GRANTED IN PART; DENIED IN PART.
MOORE, GLICKSTEIN and HURLEY, JJ., concur.

. On appeal, the final judgment for appellees, Rouse Brake & Wheel, Inc., Merlin, Inc. and Hartford Accident and Indemnity Co. was affirmed.